IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Francis P. Maybank,<br><br>      Plaintiff,<br><br>  vs.<br><br>BB&T Corporation, Branch Banking and<br>Trust Company, Successor in merger to<br>Branch Banking and Trust Company of SC,<br>Sterling Capital Management, LLC,<br>Successor in merger to BB&T Asset<br>Management LLC, Ross Walters, and<br>Anthony Mahfood,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 6:12-CV-000214-JMC<br><br><br><br>**ANSWER OF DEFENDANTS BB&T<br>CORPORATION, BRANCH<br>BANKING AND TRUST COMPANY,<br>AND STERLING CAPITAL<br>MANAGEMENT LLC TO<br>PLAINTIFF'S FIRST AMENDED<br>COMPLAINT** |

   The Defendants, BB&T Corporation, Branch Banking and Trust Company, and Sterling

Capital Management LLC (hereinafter collectively "the Defendants"), by and through their

undersigned counsel, hereby submit their Answer to the Plaintiff's First Amended Complaint and

states as follows:

## GENERAL DENIAL

   Each and every allegation of the First Amended Complaint is expressly denied unless

specifically admitted, qualified, or explained herein.

## RESERVATION OF JURISDICTIONAL OBJECTION

   The Defendant, BB&T Corporation, does not waive and expressly reserves its objection

based on the Court's lack of *in personam* jurisdiction.

**FOR A FIRST DEFENSE**

1.      Upon information and belief, the Defendants admit the allegations in Paragraph 1.

2.      Responding to Paragraph 2, the Defendants state that BB&T Corporation is a financial services holding company incorporated under the laws of the State of North Carolina with its principle place of business in the State of North Carolina.

3.      Responding to Paragraph 3, the Defendants state that Branch Banking and Trust Company is a wholly-owned subsidiary of BB&T Corporation and is incorporated under the laws of the State of North Carolina with its principle place of business in the State of North Carolina.

4.      Responding to Paragraph 4, the Defendants state that Sterling Capital Management LLC is registered as an investment advisor with the Securities and Exchange Commission, that it is organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina, and that BB&T Asset Management LLC was merged into Sterling Capital Management LLC.   Further responding to Paragraph 4, the Defendants state that, in 2010, BB&T Asset Management, Inc. was converted into BB&T Asset Management LLC.

5.      The statement made in Paragraph 5 does not require a response.

6.      Responding to Paragraph 6, the Defendants state that Branch Banking and Trust Company is registered to do business in the State of South Carolina and is in good standing with the South Carolina Secretary of State.   Further responding to Paragraph 6, the Defendants state that Branch Banking and Trust Company and Sterling Capital Management LLC engage in business activities within the State of South Carolina.   The Defendants deny the allegations in Paragraph 6 insofar as they are applicable to BB&T Corporation.

7.      Responding to Paragraph 7, the Defendants do not contest the *in personam* jurisdiction of the Court over Branch Banking and Trust Company and Sterling Capital Management LLC.  The Defendants deny the allegations in Paragraph 7 insofar as they are applicable to BB&T Corporation.

8.      Responding to Paragraph 8, the Defendants state that Ross Walters is a citizen and resident of Pickens County, South Carolina and, at all relevant times, was an employee of Branch Banking and Trust Company with an office in Greenville, South Carolina.  Further responding to Paragraph 8, the Defendants state that Mr. Walters serves as the Team Director for BB&T Wealth Management.  The Defendants deny the allegations in Paragraph 8 that attempt to describe the employment responsibilities of Mr. Walters as the alleged description is inaccurate and incomplete.

9.      Responding to Paragraph 9, the Defendants state that Anthony Mahfood is a citizen and resident of Greenville County, South Carolina and, at all relevant times, was an employee of Branch Banking and Trust Company and was under the supervision of Ross Walters.  Further responding to Paragraph 9, the Defendants state that Mr. Mahfood serves as a relationship manager for BB&T Wealth Management and that Mr. Mahfood worked with the Plaintiff.  The Defendants deny the allegations in Paragraph 9 that attempt to describe the employment responsibilities of Mr. Mahfood as the alleged description is inaccurate and incomplete.

10.     The Defendants admit only so much of the allegations in Paragraph 10 as allege that Ross Walters and Anthony Mahfood were employees of Branch Banking and Trust Company.  The remaining allegations call for legal conclusions to which no response is necessary.  To the extent that a response is required, the Defendants deny those allegations.

11.     The allegations in Paragraph 11 call for legal conclusions to which no response is necessary.  Further responding to Paragraph 11, the Defendants state that the Greenville Division of the U.S. District Court for the District of South Carolina is the correct division for this action.  The Defendants deny the allegations in Paragraph 11 as allege that BB&T Corporation has locations in and holds itself out as doing business in Greenville County, South Carolina and assert that the Court lacks *in personam* jurisdiction over BB&T Corporation.

12.     Paragraph 12 is a statement to which no response is necessary.

13.     Responding to Paragraph 13, the Defendants do not contest the jurisdiction of this Court over the subject matter of this action.  Further responding to Paragraph 13, the Defendants state that the Court lacks *in personam* jurisdiction over BB&T Corporation.

14.     The Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 14 and, therefore, deny the same and demand strict proof thereof.

15.     The Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 15 and, therefore, deny the same and demand strict proof thereof.

16.     The Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 16 and, therefore, deny the same and demand strict proof thereof.

17.     The Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 17 and, therefore, deny the same and demand strict proof thereof.

18.    The Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 18 and, therefore, deny the same and demand strict proof thereof.

19.    Responding to Paragraph 19, the Defendants admit that, in 2001, an Agreement and Plan of Reorganization was entered into by and among BB&T Corporation, Branch Banking and Trust Company of South Carolina, The Southeastern Trust Holding Company, The Southeastern Trust Company, and the Plaintiff (together will all exhibits, attachments, schedules, and amendments hereinafter referred to collectively as the "Agreement and Plan of Reorganization").  The Defendants incorporate by reference herein the terms of the Agreement and Plan of Reorganization and deny any remaining allegations in Paragraph 19 inconsistent therewith.

20.    The Defendants admit only so much of the allegations in Paragraph 20 as allege that, shortly after the execution of the Agreement and Plan of Reorganization in 2001, the Plaintiff became an employee of Branch Banking and Trust Company.  Because the Defendants' investigation is continuing, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 20 and, therefore, deny the same and demand strict proof thereof.

21.    Responding to Paragraph 21, the Defendants crave reference to the employment agreement between the Plaintiff and Branch Banking and Trust Company, the terms of which are incorporated by reference herein, and deny any allegations inconsistent therewith.

22.    The Defendants admit only so much of the allegations in Paragraph 22 as allege that the Plaintiff was an employee of Branch Banking and Trust Company.  The Defendants deny the allegations in Paragraph 22 that attempt to describe representations made by certain of the

5

Defendants as the alleged description is inaccurate and incomplete and no time period or identity of recipient is given for the alleged representations. The Defendants deny the remaining allegations in Paragraph 22.

23.    Because the Defendants' investigation is continuing, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 23 and, therefore, deny the same and demand strict proof thereof.

24.    The Defendants are without sufficient knowledge or information to determine the truth or falsity the allegations in Paragraph 24 and, therefore, deny the same and demand strict proof thereof.

25.    Responding to Paragraph 25, the Defendants crave reference to the Agreement and Plan of Reorganization, the terms of which are incorporated herein. The Defendants deny any allegations in Paragraph 25 inconsistent with the aforesaid agreement.

26.    Responding to Paragraph 25, the Defendants crave reference to the Agreement and Plan of Reorganization, the terms of which are incorporated herein. The Defendants deny any allegations in Paragraph 25 inconsistent with the aforesaid agreement.

27.    Responding to Paragraph 27, the Defendants crave reference to the Agreement and Plan of Reorganization, the terms of which are incorporated herein, and deny any allegations in Paragraph 27 inconsistent therewith.

28.    The Defendants admit only so much of the allegations in Paragraph 28 as allege that the Plaintiff was employed by Branch Banking and Trust Company for a period of at least five years. Because the Defendants' investigation is continuing, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 28 and, therefore, deny the same and demand strict proof thereof.

29.     The Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 29 and, therefore, deny the same and demand strict proof thereof.

30.     Responding to Paragraph 30, the Defendants state that Branch Banking and Trust Company and Sterling Capital Management LLC (and/or its predecessors) have engaged in the marketing and promotion of their financial services.  The Defendants deny all allegations in Paragraph 30 insofar as they apply to BB&T Corporation.  Because the allegations do not make reference to a particular medium or time period, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 30 and, therefore, deny the same and demand strict proof thereof.

31.     Responding to Paragraph 31, the Defendants state that Branch Banking and Trust Company has engaged in the marketing and promotion of its financial services.  The Defendants deny all allegations in Paragraph 31 insofar as they apply to Sterling Capital Management LLC and BB&T Corporation.  Because the allegations do not make reference to a particular medium or time period, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 31 and, therefore, deny the same and demand strict proof thereof.

32.     Responding to Paragraph 32, the Defendants state that Branch Banking and Trust Company has engaged in the marketing and promotion of its financial services.  The Defendants deny all allegations in Paragraph 32 insofar as they apply to Sterling Capital Management LLC and BB&T Corporation.  Because the allegations do not make reference to a particular medium or time period, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 32 and, therefore, deny the same and

demand strict proof thereof.   The Defendants deny the allegations in Paragraph 32 as allege that any of the corporate Defendants represented that their employees not working in the trust department of Branch Banking and Trust Company would serve as dedicated fiduciaries to clients.

33.     Responding to Paragraph 33, the Defendants state that Branch Banking and Trust Company has engaged in the marketing and promotion of its financial services.  The Defendants deny all allegations in Paragraph 33 insofar as they apply to Sterling Capital Management LLC and BB&T Corporation.  Because the allegations do not make reference to a particular medium or time period, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 33 and, therefore, deny the same and demand strict proof thereof.

34.     Responding to Paragraph 34, the Defendants state that Branch Banking and Trust Company and Sterling Capital Management LLC (and/or its predecessors) have engaged in the marketing and promotion of their financial services.  The Defendants deny all allegations in Paragraph 34 insofar as they apply to BB&T Corporation.  Because the allegations do not make reference to a particular medium or time period, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 34 and, therefore, deny the same and demand strict proof thereof.

35.     Responding to Paragraph 35, the Defendants state that Branch Banking and Trust Company has engaged in the marketing and promotion of its financial services.  The Defendants deny all allegations in Paragraph 35 insofar as they apply to Sterling Capital Management LLC and BB&T Corporation.  Because the allegations do not make reference to a particular medium or time period, the Defendants are without sufficient knowledge or information to determine the

8

truth or falsity of the remaining allegations in Paragraph 35 and, therefore, deny the same and demand strict proof thereof.   The Defendants deny the allegations in Paragraph 35 as allege that any of the corporate Defendants represented that their employees not working in the trust department of Branch Banking and Trust Company would serve as custodians and fiduciaries of client investments.

36.     The Defendants are without sufficient knowledge or information to determine the truth or falsity the allegations in Paragraph 36 and, therefore, deny the same and demand strict proof thereof.

37.     The Defendants deny the allegations in Paragraph 37 as allege that the Plaintiff expressly sought the safety and security of fiduciary management of his assets and that he intended to delegate investment responsibilities and the management of his assets to professional fiduciaries, other than those assets held in trust.  The Defendants further deny the allegations in Paragraph 37 as allege that any of the Defendants or their employees owed special duties of care as fiduciaries, other than certain employees working in the trust department of Branch Banking and Trust Company.   The Defendants are without sufficient knowledge or information to determine the truth or falsity the allegations in Paragraph 37 as allege what the Plaintiff sought, understood, or expected and, therefore, deny the same and demand strict proof thereof.  Because the Defendants' investigation is continuing, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 37 and, therefore, deny the same and demand strict proof thereof.

38.     The Defendants are without sufficient knowledge or information to determine the truth or falsity the allegations in Paragraph 38 and, therefore, deny the same and demand strict proof thereof.

9

39.     The Defendants admit only so much of the allegations in Paragraph 39 as allege that there were meetings in the summer of 2006 between the Plaintiff and employees of Branch Banking and Trust Company and Sterling Capital Management LLC (and/or its predecessors). The Defendants further deny the remaining allegations in Paragraph 39.

40.     The Defendants admit only so much of the allegations in Paragraph 40 as allege that Branch Banking and Trust Company was designated to serve as trustee of a certain trust created by the Plaintiff.  The Defendants crave reference to the trust agreement and incorporate by reference herein the terms of said agreement.  The Defendants deny any allegations in Paragraph 40 that could be construed as to allege that any of the Defendants served as a fiduciary for the Plaintiff, except for certain employees in the trust department of Branch Banking and Trust Company with respect to its specific designation as the trustee of a certain trust created by the Plaintiff.  The Defendants deny the remaining allegations in Paragraph 40.

41.     The Defendants admit only so much of the allegations in Paragraph 41 as allege that Sterling Capital Management LLC (and/or its predecessors) assisted the Plaintiff with respect to his securities holdings and BB&T stock and that Branch Banking and Trust Company was designated to serve as trustee of a certain trust created by the Plaintiff and, for a period of time, was designated to serve as the personal representative of his estate upon his death.  The Defendants are without sufficient knowledge or information to determine the truth or falsity the allegations in Paragraph 41 as allege that the Plaintiff entrusted the majority of his assets to the Defendants for management or that the Plaintiff made decisions based on any of the alleged representations and, therefore, deny the same and demand strict proof thereof.  The Defendants deny the remaining allegations in Paragraph 41.

42.     The Defendants admit only so much of the allegations in Paragraph 42 as allege that the Plaintiff entered into a Wealth Management Agreement with Branch Banking and Trust Company and BB&T Asset Management, Inc. (hereinafter the "Wealth Management Agreement").  The Defendants crave reference to and incorporate herein by reference the terms of the Wealth Management Agreement and deny any allegations in Paragraph 42 inconsistent therewith.  The Defendants further deny that any agreements existed between the Plaintiff and Ross Walters and/or Anthony Mahfood in their individual capacities.

43.     The Defendants deny the allegations in Paragraph 43 as allege that any fiduciary relationship arose as a result of the execution of the Wealth Management Agreement.  Responding to the remaining allegations in Paragraph 43, the Defendants crave reference to and incorporate herein by reference the terms of the Wealth Management Agreement and deny any allegations in Paragraph 43 inconsistent therewith.

44.     Because the Defendants' investigation is continuing, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 44 and, therefore, deny the same and demand strict proof thereof.

45.     The Defendants admit only so much of the allegations in Paragraph 45 as allege that the Plaintiff had for a period of time a margin account with Scott & Stringfellow with a debt balance of approximately $2.3 million.  The Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 45 and, therefore, deny the same and demand strict proof thereof.

46.     The Defendants deny the allegations in Paragraph 46.

47.     The Defendants admit only so much of the allegations in Paragraph 47 as allege that for a period of time, and including part of 2006, the Plaintiff was an employee of Branch Banking and Trust Company.  The Defendants deny the remaining allegations in Paragraph 47.

48.     The Defendants admit only so much of the allegations in Paragraph 48 as allege that the Plaintiff entered into a Variable Prepaid Forward Contract in 2006 and that Sterling Capital Management LLC (and/or its predecessors) assisted the Plaintiff with this transaction. The Defendants deny the remaining allegations in Paragraph 48.

49.     The Defendants admit only so much of the allegations in Paragraph 49 as allege that Sterling Capital Management LLC (and/or its predecessors) assisted the Plaintiff with a transaction in 2006 whereby he entered into a Variable Prepaid Forward Contract and that the transaction was appropriate for the Plaintiff's particular financial circumstances, would reduce the risk of his concentrated position in BB&T stock, and allowed him to maintain his share ownership of the BB&T stock.  The Defendants deny the remaining allegations in Paragraph 49.

50.     The Defendants deny the allegations in Paragraph 50.

51.     The Defendants deny the allegations in Paragraph 51 to the extent that they can be construed as alleging that any of the corporate Defendants paid a dividend to shareholders continuously from 1903 to the present.  Because the Defendants' investigation is continuing and because the allegations do not make reference to a particular medium or time period for the alleged advertising, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 51 and, therefore, deny the same and demand strict proof thereof.

52.     The Defendants deny the allegations in Paragraph 52 to the extent that they can be construed as alleging that any of the corporate Defendants guaranteed that ever increasing

dividends would be paid into the future. Because the Defendants' investigation is continuing and because the allegations do not make reference to a particular medium or time period for the alleged advertising, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 52 and, therefore, deny the same and demand strict proof thereof.

53.     The Defendants deny the allegations in Paragraph 53.

54.     The Defendants deny the allegations in Paragraph 54

55.     The Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 55 and, therefore, deny the same and demand strict proof thereof.

56.     The Defendants deny the allegations in Paragraph 56.

57.     Responding to Paragraph 57, the Defendants crave reference to the terms of the Variable Prepaid Forward Contract entered into by the Plaintiff in 2006, which are incorporated herein by reference. The Defendants deny any allegations in Paragraph 57 inconsistent therewith.

58.     The Defendants admit only so much of the allegations in Paragraph 58 as allege that one or more employees of Sterling Capital Management LLC (and/or its predecessors) made representations that they had experience with variable prepaid forward contracts. The Defendants deny the allegations in Paragraph 56 as allege that any employee of BB&T Corporation or any employee of Branch Banking and Trust Company, including Ross Walters and Anthony Mahfood, ever made any representations regarding their experience with variable prepaid forward contracts. The Defendants deny any allegations in Paragraph 58 inconsistent with the above.

59.     The Defendants admit only so much of the allegations in Paragraph 59 as allege that Sterling Capital Management LLC (and/or its predecessors) would have explained to the Plaintiff certain benefits of a variable prepaid forward contract, some of which would include generating funds to payoff debt, reducing concentrated positions and diversifying portfolios, and avoiding certain taxable events.  Further responding to Paragraph 59, the Defendants state that there could possibly be additional benefits provided by a variable prepaid forward contract, but that the existence of such benefits would depend on the structure of the contract.  The Defendants crave reference to and incorporate herein by reference the terms of the Variable Prepaid Forward Contract entered into by the Plaintiff in 2006 and deny any allegations in Paragraph 59 inconsistent therewith.  The Defendants deny the allegations in Paragraph 59 that characterize variable prepaid forward contracts as "exotic" or "complicated" and further deny the allegation that any corporate Defendant represented that a goal of a variable prepaid forward contract would be to protect and ensure the continued receipt of ever increasing dividends from BB&T stock and any rollovers.

60.     The Defendants deny the allegations in Paragraph 60.

61.     The Defendants deny the allegations in Paragraph 61.

62.     The Defendants admit only so much of the allegations in Paragraph 62 as allege that the Plaintiff executed a Variable Prepaid Forward Contract in 2006.  The Defendants crave reference to and incorporate by reference herein the terms of such contract and deny any allegations in Paragraph 62 inconsistent therewith.  The Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 62 as allege that the Plaintiff acted in reliance on and at the direction of the Defendants and, therefore, deny the same and demand strict proof thereof.

63.     Responding to Paragraph 63, the Defendants state that a portion of the proceeds of the 2006 Variable Prepaid Forward Contract were applied to the Plaintiff's margin debt account with Scott & Stringfellow and that other proceeds were placed in one or more investment accounts with Sterling Capital Management LLC (and/or its predecessors).  The Defendants deny the allegations in Paragraph 61 as allege that they designed a "wealth management scheme."

64.     Responding to the allegations in Paragraph 64 describing the alleged allocation in the Plaintiff's investment account, the Defendants crave reference to the statements for such account and deny any allegations in Paragraph 62 inconsistent therewith.  The Defendants deny the remaining allegations in Paragraph 64.

65.     Responding to Paragraph 65, the Defendants crave reference to and incorporate by reference herein the terms of the written agreement described in said paragraph and deny any allegations relating to such agreement that are inconsistent therewith.  The Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 65 that relate to the beliefs held by the Plaintiff and, therefore, deny the same and demand strict proof thereof.  The Defendants deny the remaining allegations in Paragraph 65.

66.     The Defendants crave reference to the Code of Ethics referenced by the Plaintiff in Paragraph 66 and deny any allegations inconsistent therewith.  The Defendants further deny that Ross Walters and/or Anthony Mahfood owed independent fiduciary duties to the Plaintiff.

67.     The Defendants deny the allegations in Paragraph 67.

68.     The Defendants deny the allegations in Paragraph 68.

69.     The Defendants deny the allegations in Paragraph 69.

70.     The Defendants deny the allegations in Paragraph 70.

71.    Because the Defendants' investigation is continuing, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 71 and, therefore, deny the same and demand strict proof thereof.

72.    The Defendants deny the allegations in Paragraph 72.

73.    The Defendants deny the allegations in Paragraph 73.

74.    The Defendants admit only so much of the allegations in Paragraph 74 as allege that the Plaintiff entered into a second Variable Prepaid Forward Contract in 2009.    The Defendants deny the remaining allegations in Paragraph 71.

75.    The Defendants deny the allegations in Paragraph 75.

76.    The Defendants deny the allegations in Paragraph 76.

77.    The Defendants admit only so much of the allegations in Paragraph 77 as allege that the amount of per share dividends for BB&T Corporation stock were reduced during 2009. Because the Defendants' investigation is continuing, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 77 as allege the purported reason for the Plaintiff entering into the second Variable Prepaid Forward Contract, the amount of the payment the Plaintiff would have received under the terms of the second Variable Prepaid Forward Contract had dividends continued to be paid at the rate of 47¢/share/quarter, and the amount of the payment actually received by the Plaintiff under the terms of the second Variable Prepaid Forward Contract and, therefore, deny the same and demand strict proof thereof.  The Defendants deny the remaining allegations in Paragraph 77.

78.    The Defendants deny the allegations in Paragraph 78.

79.    The Defendants deny the allegations in Paragraph 79.

**FOR A FIRST DEFENSE**
**TO THE FIRST CAUSE OF ACTION**

80.    Responding to Paragraph 80, the Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim herein.

81.    The Defendants admit only so much of the allegations in Paragraph 81 as allege that the Plaintiff entered into a Wealth Management Agreement with Branch Banking and Trust Company and BB&T Asset Management, Inc. and further entered into an agreement with Branch Banking and Trust Company related to a certain trust he created.    The Defendants crave reference to and incorporate herein by reference the terms of these agreements and deny any allegations in Paragraph 81 inconsistent therewith.

82.    The Defendants admit only so much of the allegations in Paragraph 82 as allege that the Plaintiff entered into a Wealth Management Agreement with Branch Banking and Trust Company and BB&T Asset Management, Inc. and further entered into an agreement with Branch Banking and Trust Company related to a certain trust he created.    The Defendants crave reference to and incorporate herein by reference the terms of these agreements and deny any allegations in Paragraph 79 inconsistent therewith.

83.    The allegations in Paragraph 83 state a legal conclusion to which no response is necessary.

84.    The Defendants deny the allegations in Paragraph 84, including all subparts.

85.    The Defendants deny the allegations in Paragraph 85.

86.    The Defendants deny the allegations in Paragraph 86.

17

## FOR A FIRST DEFENSE
## TO THE SECOND CAUSE OF ACTION

87.     Responding to Paragraph 87, the Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim herein.

88.     The Defendants deny the allegations in Paragraph 88.

89.     The Defendants deny the allegations in Paragraph 89.

90.     The Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 90 as allege what the Plaintiff sought or intended, and, therefore, deny the same and demand strict proof thereof.   The Defendants deny the remaining allegations in Paragraph 90.

91.     The Defendants deny the allegations in Paragraph 91.

92.     The Defendants deny the allegations in Paragraph 92.

93.     The Defendants deny the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 constitute legal conclusions to which no response is necessary.  The Defendants deny the allegations in Paragraph 94 as allege that any contract existed between the Plaintiff and Ross Walters and/or Anthony Mahfood in their individual capacities.

95.     The Defendants deny the allegations in Paragraph 95, including all subparts.

96.     The Defendants deny the allegations in Paragraph 96.

97.     The Defendants deny the allegations in Paragraph 97.

## FOR A FIRST DEFENSE
## TO THE THIRD CAUSE OF ACTION

98.     Responding to Paragraph 98, the Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim herein.

99.     The Defendants admit only so much of the allegations in Paragraph 99 as allege that Branch Banking and Trust Company was designated to serve as trustee of a certain trust created by the Plaintiff and that, for a period of time, Branch Banking and Trust Company was designated to serve as the personal representative of his estate upon his death.  The allegation that these two roles were fiduciary in nature calls for a legal conclusion to which no response is necessary.  Further responding to Paragraph 99, the Defendants admit that Branch Banking and Trust Company and BB&T Asset Management, Inc. undertook to perform the obligations set forth in the Wealth Management Agreement, the terms of which are incorporated herein by reference.  The Defendants deny any allegations in Paragraph 99 inconsistent with the terms of that agreement.  The Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 99 as allege what the Plaintiff sought or intended and, therefore, deny the same and demand strict proof thereof.  The Defendants deny the remaining allegations in Paragraph 99.

100.    The Defendants deny the allegations in Paragraph 100, except to the extent that they may relate to Branch Banking and Trust Company's designation as trustee of a certain trust created by the Plaintiff.  The allegations in Paragraph 100 that may allege that the position of a trustee is fiduciary in nature and creates special duties call for a legal conclusion to which no response is necessary.

101.    The Defendants deny the allegations in Paragraph 101, except to the extent that they may relate to Branch Banking and Trust Company's designation as trustee of a certain trust created by the Plaintiff.  The allegations in Paragraph 101 that may allege that the position of a trustee is fiduciary in nature and creates special duties call for a legal conclusion to which no response is necessary.

102.    The Defendants deny the allegations in Paragraph 102, except to the extent that they may relate to Branch Banking and Trust Company's designation as trustee of a certain trust created by the Plaintiff.  The allegations in Paragraph 102 that may allege that the position of a trustee is fiduciary in nature and creates special duties call for a legal conclusion to which no response is necessary.

103.    Responding to the allegations in Paragraph 103 that allege that the Defendants sought to be or acted as fiduciaries to the Plaintiff, the Defendants deny such allegations, except to the extent that they may relate to Branch Banking and Trust Company's designation as trustee of a certain trust created by the Plaintiff.  The allegations in Paragraph 103 that may allege that the position of a trustee is fiduciary in nature call for a legal conclusion to which no response is necessary.  The Defendants deny the remaining allegations in Paragraph 103, including all subparts.

104.    The Defendants deny the allegations in Paragraph 104.

105.    The Defendants deny the allegations in Paragraph 105.

**FOR A FIRST DEFENSE
TO THE FOURTH CAUSE OF ACTION**

106.    Responding to Paragraph 106, the Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim herein.

107.     The allegations in Paragraph 107 call for a legal conclusion to which no response is necessary.  Further responding to Paragraph 107, the Defendants crave reference to and incorporate herein by reference the terms of the Wealth Management Agreement and deny any allegations in Paragraph 107 inconsistent therewith.  The Defendants further deny that Ross Walters and/or Anthony Mahfood owed duties to the Plaintiff in their individual capacities.

108.     The Defendants deny the allegations in Paragraph 108.

109.     The Defendants deny the allegations in Paragraph 109.

110.     The Defendants deny the allegations in Paragraph 110, including all subparts.

111.     The Defendants deny the allegations in Paragraph 111.

112.     The Defendants deny the allegations in Paragraph 112.

**FOR A FIRST DEFENSE**
**TO THE FIFTH CAUSE OF ACTION**

113.     Responding to Paragraph 113, the Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim herein.

114.     Responding to Paragraph 114, the Defendants crave reference to and incorporate herein by reference the terms of the Wealth Management Agreement and any other written agreements between the parties and deny any allegations in Paragraph 114 inconsistent therewith.  The Defendants further deny that there were any agreements between the Plaintiff and Ross Walters and/or Anthony Mahfood in their individual capacities.

115.     The Defendants deny the allegations in Paragraph 115.

116.     The Defendants deny the allegations in Paragraph 116.

117.     The Defendants deny the allegations in Paragraph 117, including all subparts.

118.     The Defendants deny the allegations in Paragraph 118.

119.    The Defendants deny the allegations in Paragraph 119.

**FOR A FIRST DEFENSE
TO THE SIXTH CAUSE OF ACTION**

120.    Responding to Paragraph 120, the Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim herein.

121.    The Defendants deny the allegations in Paragraph 121.

122.    The Defendants deny the allegations in Paragraph 122.

123.    The Defendants deny the allegations in Paragraph 123.

124.    The Defendants deny the allegations in Paragraph 124.

125.    The Defendants deny the allegations in Paragraph 125.

126.    The Defendants deny the allegations in Paragraph 126.

127.    The Defendants deny the allegations in Paragraph 127.

128.    The Defendants deny the allegations in Paragraph 128.

**FOR A FIRST DEFENSE
TO THE SEVENTH CAUSE OF ACTION**

129.    Responding to Paragraph 129, the Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim herein.

130.    The Defendants deny the allegations in Paragraph 130.

131.    The Defendants deny the allegations in Paragraph 131.

132.    The Defendants deny the allegations in Paragraph 132.

133.    The Defendants deny the allegations in Paragraph 133.

134.    The Defendants deny the allegations in Paragraph 134.

135.    The Defendants deny the allegations in Paragraph 135.

136.    The Defendants deny the allegations in Paragraph 136.

**FOR A FIRST DEFENSE**
**TO THE EIGHTH CAUSE OF ACTION**

137.    Responding to Paragraph 137, the Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim herein.

138.    The Defendants deny the allegations in Paragraph 138.

139.    The Defendants deny the allegations in Paragraph 139.

140.    The Defendants deny the allegations in Paragraph 140.

141.    The Defendants deny the allegations in Paragraph 141.

**FOR A FIRST DEFENSE**
**TO THE NINTH CAUSE OF ACTION**

142.    Responding to Paragraph 142, the Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim herein.

143.    Because the Defendants' investigation is continuing and because the allegations do not make reference to a particular method or time period for the alleged representations, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 143 and, therefore, deny the same and demand strict proof thereof.

144.    The Defendants admit only so much of the allegations in Paragraph 144 as allege that one or more employees of Sterling Capital Management LLC (and/or its predecessors) made representations that they had experience with variable prepaid forward contracts.    The Defendants deny the allegations in Paragraph 144 as allege that any employee of BB&T

Corporation or any employee of Branch Banking and Trust Company, including Ross Walters and Anthony Mahfood, ever made any representations regarding their experience with variable prepaid forward contracts. The Defendants deny any allegations in Paragraph 144 inconsistent with the above.

145. The Defendants admit only so much of the allegations in Paragraph 145 as allege that Sterling Capital Management LLC (and/or its predecessors) would have explained to the Plaintiff certain benefits of a variable prepaid forward contract, some of which would include generating funds to payoff debt, reducing concentrated positions and diversifying portfolios, and avoiding certain taxable events. The Defendants deny the allegations in Paragraph 145 that characterize the variable prepaid forward contract as "unsuitable." The Defendants further deny that any of the alleged representations were made by Ross Walters and/or Anthony Mahfood.

146. The Defendants deny the allegations in Paragraph 146.

147. The Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 148 that relate to any reliance by the Plaintiff and, therefore, deny the same and demand strict proof thereof. The Defendants deny the remaining allegations in Paragraph 147.

148. The Defendants deny the allegations in Paragraph 148.

149. The Defendants deny the allegations in Paragraph 149.

150. The Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 150 and, therefore, deny the same and demand strict proof thereof. Further responding to Paragraph 150, the Defendants deny that any false representations were made to the Plaintiff.

151.     The allegations in Paragraph 151 call for a legal conclusion to which no response is necessary.  To the extent that a response is required, the Defendants deny those allegations.

152.     The Defendants deny the allegations in Paragraph 152.

153.     The Defendants deny the allegations in Paragraph 153.

### FOR A FIRST DEFENSE
### TO THE TENTH CAUSE OF ACTION

154.     Responding to Paragraph 154, the Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim herein.

155.     Because the Defendants' investigation is continuing and because the allegations do not make reference to a particular method or time period for the alleged representations, the Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 155 and, therefore, deny the same and demand strict proof thereof.

156.     The Defendants admit only so much of the allegations in Paragraph 156 as allege that one or more employees of Sterling Capital Management LLC (and/or its predecessors) made representations that they had experience with variable prepaid forward contracts.  The Defendants deny the allegations in Paragraph 156 as allege that any employee of BB&T Corporation or any employee of Branch Banking and Trust Company, including Ross Walters and Anthony Mahfood, ever made any representations regarding their experience with variable prepaid forward contracts.  The Defendants deny any allegations in Paragraph 156 inconsistent with the above.

157.     The Defendants admit only so much of the allegations in Paragraph 157 as allege that Sterling Capital Management LLC (and/or its predecessors) would have explained to the Plaintiff certain benefits of a variable prepaid forward contract, some of which would include

generating funds to payoff debt, reducing concentrated positions and diversifying portfolios, and avoiding certain taxable events. The Defendants deny the allegations in Paragraph 157 that characterize the variable prepaid forward contract as "unsuitable." The Defendants further deny that any of the alleged representations were made by Ross Walters and/or Anthony Mahfood.

158.    The Defendants deny the allegations in Paragraph 158.

159.    The Defendants deny the allegations in Paragraph 159.

160.    The Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 160 as relate to the decision making of the Plaintiff and, therefore, deny the same and demand strict proof thereof. Further responding to Paragraph 160, the Defendants deny that any false representations were made to the Plaintiff. The Defendants deny the remaining allegations in Paragraph 160.

161.    The Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 161 as relate to the knowledge of the Plaintiff, and, therefore, deny the same and demand strict proof thereof. The Defendants deny the remaining allegations in Paragraph 161.

162.    The allegations in Paragraph 162 call for a legal conclusion to which no response is necessary. To the extent that a response is required, the Defendants deny those allegations.

163.    The Defendants deny the allegations in Paragraph 163.

164.    The Defendants deny the allegations in Paragraph 164.

## FOR A FIRST DEFENSE
## TO THE ELEVENTH CAUSE OF ACTION

165.    Responding to Paragraph 165, the Defendants incorporate their responses to the preceding and subsequent allegations in the Amended Complaint as if repeated verbatim herein.

166.     The Defendants admit only so much of the allegations in Paragraph 166 as allege that Sterling Capital Management LLC (and/or its predecessors) would have explained to the Plaintiff certain benefits of a variable prepaid forward contract, some of which would include generating funds to payoff debt, reducing concentrated positions and diversifying portfolios, and avoiding certain taxable events.  The Defendants deny the allegations in Paragraph 166 that characterize the variable prepaid forward contract as "unsuitable."  The Defendants further deny that any fraudulent misrepresentations were made to the Plaintiff.  The Defendants deny the remaining allegations in Paragraph 166.

167.     The Defendants admit only so much of the allegations in Paragraph 167 as allege that one or more employees of Sterling Capital Management LLC (and/or its predecessors) made representations that they had experience with variable prepaid forward contracts.  The Defendants deny the allegations in Paragraph 167 as allege that any employee of BB&T Corporation or any employee of Branch Banking and Trust Company, including Ross Walters and Anthony Mahfood, ever made any representations regarding their experience with variable prepaid forward contracts.  The Defendants deny any allegations in Paragraph 167 inconsistent with the above.  The Defendants deny the remaining allegations in Paragraph 167.

168.     The Defendants deny the allegations in Paragraph 168.

169.     The Defendants deny the allegations in Paragraph 169.

170.     The Defendants deny the allegations in Paragraph 170.

171.     The Defendants deny the allegations in Paragraph 171.

## FOR A FIRST DEFENSE
## TO THE TWELFTH CAUSE OF ACTION

172.    Responding to the allegations in Paragraph 172, the Defendants incorporate their responses to the preceding and subsequent allegations in the Amended Complaint as if repeated verbatim herein.

173.    The Defendants deny the allegations in Paragraph 173.

174.    The Defendants admit only so much of the allegations in Paragraph 174 as allege that Sterling Capital Management LLC (and/or its predecessors) would have explained to the Plaintiff certain benefits of a variable prepaid forward contract, some of which would include generating funds to payoff debt, reducing concentrated positions and diversifying portfolios, and avoiding certain taxable events.  The Defendants deny the allegations in Paragraph 174 that characterize the variable prepaid forward contract as "unsuitable."  The Defendants further deny that any of the alleged representations were made by Ross Walters and/or Anthony Mahfood.

175.    The Defendants admit only so much of the allegations in Paragraph 175 as allege that one or more employees of Sterling Capital Management LLC (and/or its predecessors) made representations that they had experience with variable prepaid forward contracts.  The Defendants deny the allegations in Paragraph 175 as allege that any employee of BB&T Corporation or any employee of Branch Banking and Trust Company, including Ross Walters and Anthony Mahfood, ever made any representations regarding their experience with variable prepaid forward contracts.  The Defendants deny any allegations in Paragraph 175 inconsistent with the above.  The Defendants deny the remaining allegations in Paragraph 175.

176.    The Defendants deny the allegations in Paragrpah 176.

177.    The Defendants deny the allegations in Paragraph 177.

178.     The Defendants deny the allegations in Paragraph 178, except to the extent that they may relate to Branch Banking and Trust Company's designation as trustee of a certain trust created by the Plaintiff.  The allegations in Paragraph 178 that may allege that the position of a trustee is fiduciary in nature and creates special duties call for a legal conclusion to which no response is necessary.

179.     The Defendants deny the allegations in Paragraph 179.

180.     The Defendants deny the allegations in Paragraph 180.

181.     The Defendants deny the allegations in Paragraph 181.

182.     The Defendants deny the allegations in Paragraph 182.

183.     The Defendants deny the allegations in the Prayer for Relief.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

184.     The Complaint fails to state facts sufficient to constitute a cause of action and, therefore, must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Lack of Personal Jurisdiction)

185.     Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Defendants would show that the Court lacks personal jurisdiction over BB&T Corporation, and, therefore, all claims against BB&T Corporation should be dismissed.

## FOR A FOURTH DEFENSE
### (Arbitration)

186.     In the event that the Plaintiff has entered into an arbitration agreement with one or more of the Defendants, the Defendants do not waive and expressly reserve the right to request

that the Plaintiff's claims be resolved by way of binding arbitration and that the Complaint be dismissed on that basis.

### FOR A FIFTH DEFENSE
### (Pleading Fraud with Particularity)

187.    The Defendants would show that the allegations of the Complaint fail to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FOR A SIXTH DEFENSE
### (Statute of Limitations)

188.    The Defendants would show that one of more of the Plaintiff's claims are barred by the applicable statute of limitations.

### FOR A SEVENTH DEFENSE
### (Contractual Limitations on Liability and Damages)

189.    The Plaintiff's claims are limited and/or barred by certain provisions of the Wealth Management Agreement and/or other applicable agreements which act to limit liability and which preclude the recovery of certain categories of damages and relief.

### FOR AN EIGHTH DEFENSE
### (Terms of Applicable Agreements)

190.    The Defendants incorporate herein by reference all terms of the Wealth Management Agreement and all other agreements between the Plaintiff and one or more Defendants.

### FOR A NINTH DEFENSE
### (Economic Loss Rule)

191.    The Plaintiff's relationship with the Defendants was contractual, and, thus, all duties and obligations that may be owed to the Plaintiff arise exclusively from the applicable agreements and his claims in tort are barred by the economic loss rule.

## FOR A TENTH DEFENSE
### (Parol Evidence Rule)

192.    The Defendants would show that the parol evidence rule and/or the doctrines of integration and merger prevent reliance on and the enforceability of any statements, representations, provisions, or terms not set forth within any written agreements that may exist

## FOR AN ELEVENTH DEFENSE
### (Statute of Frauds)

193.    The Defendants would show that the applicable statute of frauds prevents reliance by the Plaintiff on any alleged verbal statements or representations.

## FOR A TWELFTH DEFENSE
### (Comparative Negligence)

194.    The Defendants would show that the negligence of the Plaintiff is greater than the negligence of the Defendants, if any, which is denied, and, therefore, the Plaintiff's claims are barred.  Alternatively, any recovery by the Plaintiff must be reduced by his proportionate share of negligence.

## FOR A THIRTEENTH DEFENSE
### (Exemption from SCUTPA)

195.    The Defendants would show that the alleged conduct is exempted from the application of the South Carolina Unfair Trade Practices Act pursuant to § 39-5-40 of the South Carolina Code.

## FOR A FOURTEENTH DEFENSE
### (Waiver and Estoppel)

196.    The Defendants would show that the Plaintiff's claims are barred by waiver and/or estoppel as a result of the knowledge and conduct of the Plaintiff.

## FOR A FIFTEENTH DEFENSE
### (Consent, Ratification, and Approval)

197.    The Defendants would show that the Plaintiff's claims are barred by his consent to, ratification, and/or approval of the alleged transactions.

## FOR A SIXTEENTH DEFENSE
### (South Carolina Securities Act)

198.    The Defendants plead all defenses set forth within § 35-1-509 of the South Carolina Code, including without limitation, the defenses set forth in subsections (f), (g), (j), and (k).

## FOR A SEVENTEENTH DEFENSE
### (Sophisticated Investor)

199.    The Defendants would show that the Plaintiff is and was a sophisticated and experienced investor who made knowing and informed decisions to execute the transactions at issue and approved his portfolio allocations, and, therefore, his claims should be dismissed.

## FOR AN EIGHTEENTH DEFENSE
### (Mitigation of Damages)

200.    The Defendants would show that the Plaintiff failed to take reasonable steps to mitigate his alleged damages.

## FOR A NINETEENTH DEFENSE
### (Set Off for Benefits Received)

201.    The Defendants would show that any alleged damages of the Plaintiff should be reduced by all benefits gained from his participation in the transactions at issue and from any gains in his investment account.

## FOR A TWENTIETH DEFENSE
### (Punitive Damages Unconstitutional)

202. The Plaintiff is not entitled to an award of punitive damages because, among other reasons, such damages violate the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that:

(a)    the judiciary's ability to correct a punitive damages award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

(b)    any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c)    any award of punitive damages based upon the wealth of the Defendants violates due process guarantees;

(d)    the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e)    an excessive award of punitive damages violates the due process guarantees of the Defendants;

(f)    an award of punitive damages that is neither reasonable nor proportionate to the alleged wrong committed is irrational, arbitrary, furthers no legitimate purpose, and is an unconstitutional deprivation of the property of the Defendants;

(g)    an award of punitive damages that is grossly disproportionate to any compensatory damages awarded violates the Defendants' due process guarantees;

(h)    an award of punitive damages based solely on vicarious liability or the doctrine of respondeat superior is violative of due process guarantees;

(i)    due to the lack of standards for determining punitive damages, the Defendants lack fair notice of the punishment to which they could be subjected;

(j)    even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

(k)     an award of punitive damages that does not comport with the three guideposts articulated in *State Farm Mutual Automobile Insurance Company v. Campbell* fails to satisfy constitutional due process guarantees; and

(*l*)     the Plaintiff's claim for punitive damages violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendants.

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendants,

BB&T Corporation, Branch Banking and Trust Company, and Sterling Capital Management

LLC, respectfully request that the Complaint be dismissed, with prejudice, and for such other

and further relief as the Court may deem just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:  s/Kristen E. Horne
      Kristen E. Horne
      Federal Bar No. 10136
      D. Larry Kristinik
      Federal Bar No. 5744
      Cory E. Manning
      Federal Bar No. 9697
      1320 Main Street / 17th Floor
      Post Office Box 11070 (29211)
      Columbia, SC  29201
      (803) 799-2000

*Attorneys for Defendants BB&T Corporation, Branch Banking and Trust Company, and Sterling Capital Management LLC*

Columbia, South Carolina

March 14, 2012